MATTHEW T. DUSHOFF, ESQ.
Nevada Bar No. 004975
JORDAN D. WOLFF, ESQ.
Nevada Bar No. 014968
SALTZMAN MUGAN DUSHOFF
1835 Village Center Circle
Las Vegas, Nevada 89134
Telephone: (702) 405-8500
Facsimile: (702) 405-8501
E-Mail:  mdushoff@nvbusinesslaw.com
         jwolff@nvbusinesslaw.com

Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BRIANNE SCHUTH,<br>        Plaintiff,<br>vs.<br>SHELBY AMERICAN, INC.; a domestic corporation; DOES 1 through 100; and ROE ENTITIES A through Z, inclusive,<br>        Defendants. | CASE NO.<br><br>**PETITION FOR REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1441** |

Defendant SHELBY AMERICAN, INC. ("Shelby" or "Defendant"), by and through its attorneys of record, Matthew T. Dushoff, Esq. and Jordan D. Wolff, Esq. of the law firm of Saltzman Mugan Dushoff, hereby petition for the removal of this action from the Eighth Judicial District Court in and for Clark County, Nevada to the United States District Court for the District of Nevada, pursuant to 28 U.S.C. § 1441, *et seq.* In support of removal, Defendant states as follows:

**I.    INTRODUCTION AND BACKGROUND**

1.    On March 28, 2020, Plaintiff Brianne Schuth ("Schuth" or "Plaintiff") commenced this action by filing a Complaint against Defendant in the Eighth Judicial District of the State of Nevada, Clark County, Case No. A-20-812965-C (the "Complaint")

2. On July 23, 2020, Shelby was formally served with the Summons and Complaint via personal service on store manager Michele Mooney at Shelby's offices at 6405 Ensworth Street, Las Vegas, NV 89119.

3. The Complaint includes the following four causes of action against Shelby: (i) Sex Discrimination and Sexual Harassment Based Upon a Hostile Work Environment pursuant to 42 U.S.C. § 2000, *et. seq.* and NRS 613.330; (ii) Sex Discrimination and Quid Pro Quo Sexual Harassment pursuant to 42 U.S.C. § 2000, *et. seq.* and NRS 613.330; (iii) Retaliation in Violation of Federal and State Statutes pursuant to 42 U.S.C. § 2000, *et. seq.* and NRS 613.340; and (iv) Intentional Infliction of Emotional Distress.

## II. GROUNDS FOR REMOVAL

4. Pursuant to 28 U.S.C. § 1331, "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Moreover, "in any civil action of which the district courts have original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a); *see also U.S. ex rel. Hill v. Teledyne, Inc.*, 103 F.3d 143 (9th Cir. 1996) ("A district court has jurisdiction to adjudicate a pendant state law claim if there is a substantial federal claim so related to it that they form part of the same case or controversy or arise out of a common nucleus of operative fact.") (citing 28 U.S.C. § 1367(a); *United Mine Workers of Am. V. Gibbs,*. 383 U.S. 715, 725, 86 S. Ct. 1130, 1138, 16 L.Ed.2d 218 (1966)).

5. This Court has subject matter jurisdiction over three of Plaintiff's four causes of action pursuant to 28 U.S.C. § 1331. Plaintiff's first cause of action seeks damages for alleged sexual harassment and discrimination pursuant to 42 U.S.C. § 2000, *et. seq.*, which is commonly known as Title VII of the Civil Rights Act of 1964 (Complaint, at ¶¶17-19). Plaintiff's second cause of action also seeks damages for sexual discrimination and *quid pro quo* sexual harassment pursuant to Title VII (Complaint, at ¶¶21-23). Lastly, Plaintiff's third cause of action seeks damages for retaliation, again pursuant to Title VII (Complaint, at ¶¶25-28).

(10345-2)   Page 2 of 5

6. To the extent Plaintiff's first three causes of action also seek relief pursuant to NRS Chapters 613.330 and 613.340, all of which are premised upon identical factual allegations, this Court has subject matter jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a) as they are so related to the federal claims that they are part of the same case or controversy.

7. Finally, this Court has supplemental jurisdiction over the remaining claim for Intentional Infliction of Emotional Distress as it also arises out of a common nucleus of operative facts, and is so closely related that it is part of the same case or controversy. *See* 28 U.S.C. § 1367(a).

8. Therefore, this matter may be properly removed to this Court in accordance with 28 U.S.C. § 1441, *et seq.*

### III. TIMELINESS OF REMOVAL

9. Shelby was served with the Summons and Complaint on July 23, 2020. This Notice of Removal of Civil Action Pursuant to 28 U.S.C. § 1441 was filed on August 12, 2020, which is within thirty (30) days of service of the Complaint on Shelby, the only named Defendant, and is therefore timely pursuant to 28 U.S.C. § 1446(b)(1).

### IV. VENUE IS PROPER

10. Venue of this removal is proper under 28 U.S.C. § 1441 because this Court is the United States District Court for the district and division corresponding to the place where the state court action is pending.

### V. COMPLIANCE WITH OTHER REQUIREMENTS FOR REMOVAL

11. Shelby has complied with all requirements imposed upon a party noticing the removals of a pending action. Other than the Summons, Complaint, and proof of service, attached collectively hereto as **Exhibit A**, there are no other pleadings, papers, orders, or other matters filed in the State Court Action.

12. Shelby, the party filing this Petition for Removal, is the only Defendant named in this action.

//

//

1   13.   Shelby has concurrently filed a copy of this Notice of Removal of Civil Action
2   Pursuant to 28 U.S.C. § 1441 with the State Court, and also served a copy on Plaintiff's counsel,
3   Paul S. Padda, Esq., in accordance with 28 U.S.C. § 1446(d).

## VI.   RULE 11 VERIFICATION

14.   Pursuant to 28 U.S.C. § 1446(a), this Notice of removal of Civil Action Pursuant to 28 U.S.C. § 1441 is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

DATED this 12th day of August, 2020.

**SALTZMAN MUGAN DUSHOFF**

By _/s/ signature_

MATTHEW T. DUSHOFF, ESQ.
Nevada Bar No. 004975
JORDAN D. WOLFF, ESQ.
Nevada Bar No. 014968
1835 Village Center Circle
Las Vegas, Nevada 89134

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of Saltzman Mugan Dushoff, and that on the 12th day of August, 2020, I caused to be served a true and correct copy of foregoing **PETITION FOR REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1441** in the following manner:

(UNITED STATES MAIL) By depositing a copy of the above-referenced document for mailing in the United States Mail, first-class postage prepaid, at Las Vegas, Nevada, to the parties listed below at their last-known mailing addresses, on the date above written:

Paul S. Padda, Esq.
**PAUL PADDA LAW, PLLC**
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103

Attorneys for Plaintiff
Brianne Schuth

_____
An Employee of SALTZMAN MUGAN DUSHOFF