# Exhibit A

# (Pleadings filed in Case A-20-812965-C)

Electronically Issued
6/26/2020 11:30 AM

SUMM

**DISTRICT COURT**
**DISTRICT OF NEVADA**

BRIANNE SCHUTH,                                        CASE NO.   A-20-812965-C
                                                       DEPT. NO.   20
                    Plaintiff,

        vs.

SHELBY AMERICAN, INC.; a domestic                               **SUMMONS**
corporation; DOES 1 through 100; and
ROE ENTITIES A through Z, inclusive,

                    Defendant(s).

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU
WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ
THE INFORMATION BELOW.**

**SHELBY AMERICAN, INC.; a domestic corporation**
**(at most current address)**

**TO THE DEFENDANT(S):** A civil complaint has been filed by the Plaintiff(s) against you for the
relief set forth in the Complaint. If you intend to defend this lawsuit, within 20 days after this
Summons is served on you, exclusive of the day of service, you must do the following: (a) file with
the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in
accordance with the rules of the Court, with the appropriate filing fee; and (b) Serve a copy of your
response upon the attorney whose name and address is shown below. Unless you respond, your
default will be entered upon application of the Plaintiff(s) and failure to so respond will result in a
judgment of default against you for the relief demanded in the Complaint, which could result in the
taking of money or property or other relief requested in the Complaint. If you intend to seek the
advice of an attorney in this matter, you should do so promptly so that your response may be filed on
time. The State of Nevada, its political subdivisions, agencies, officers, employees, board members,
commission members and legislatures each have 45 days after service of this Summons within which
to file an Answer or other responsive pleading to the Complaint.

Submitted by:

**PAUL PADDA LAW, PLLC**                              **CLERK OF COURT**

By: _____                        By: _____  —6/29/2020
PAUL S. PADDA, ESQ.                                   Deputy Clerk                DATE
Nevada Bar No. 10417                                  Regional Justice Center
4560 South Decatur Boulevard, Suite 300               200 Lewis Avenue           Demond Palmer
Las Vegas, Nevada 89103                               Las Vegas, Nevada 89155
Telephone (702) 366-1888

**NOTE:** When service is by publication, add a brief statement of the object of the action. See
**Nevada Rules of Civil Procedure 4(b).**

Electronically Filed
3/28/2020 6:59 PM
Steven D. Grierson
CLERK OF THE COURT

PAUL S. PADDA, ESQ. *(NV Bar #10417)*
Email: psp@paulpaddalaw.com
**PAUL PADDA LAW, PLLC**
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888
Fax: (702) 366-1940

CASE NO: A-20-812965-C
Department 20

*Attorney for Plaintiff*

## DISTRICT COURT
## DISTRICT OF NEVADA

BRIANNE SCHUTH,

                Plaintiff,

      vs.

SHELBY AMERICAN, INC.; a domestic
corporation; DOES 1 through 100; and ROE
ENTITIES A through Z, inclusive;

            Defendants.

Case No.

Dept. No.

### COMPLAINT

This is a civil action seeking monetary damages for violation of Plaintiff Brianne

Schuth's civil and employment rights. In support of this Complaint, Plaintiff, by and through

undersigned counsel, hereby alleges the following:

### JURISDICTION, VENUE AND LEGAL BASIS FOR THIS ACTION

1.     This is a civil action for damages brought by Plaintiff to remedy discrimination

on the basis of sex (female) and for engaging in protected activity (retaliation), and to seek

relief under applicable state and federal anti-discrimination statutes. This Court has jurisdiction

to entertain this matter pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42

**PAUL PADDA LAW, PLLC**
4560 South Decatur Blvd, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

1

1   U.S.C. § 2000 *et. seq.* and  Chapter 613 of the Nevada Revised Statutes ("NRS"), specifically

2   613.330, 613.340 and 613.432.

3           2.      Venue is proper in this judicial district since a substantial part of the events or

4   omissions giving rise to the claim[s] occurred within Clark County, Nevada.

5           3.      Plaintiff is asserting statutory claims under Nevada's anti-discrimination statute

6

7   (codified at NRS Chapter 613) and its federal counterpart, Title VII, prohibiting various forms

8   of employment discrimination.

9           4.      Damages and other appropriate legal remedies are sought by Plaintiff pursuant to

10  NRS 233.170 *et. seq.*, NRS 613.432 and Title VII.

11                  **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

12

13          5.      Plaintiff filed a formal charge of discrimination with the Nevada Equal Rights

14  Commission ("NERC") on or about September 28, 2018.  *See* Exhibit A.  This filing with the

15  NERC fulfilled her obligation to initiate an administrative claim before seeking review in this

16  Court.

17          6.      In the NERC filing, Plaintiff alleged facts demonstrating that she had been

18

19  subjected to illegal sex discrimination and retaliation resulting in her discharge from

20  employment.

21          7.      Plaintiff received a "Right-to-Sue Notice" on or about January 3, 2020.  The

22  Notice stated that Plaintiff would have within 90 days from receipt of the letter to file a lawsuit.

23

24  *See* Exhibit B.  This Complaint is timely filed.

25  .   .   .

26  .   .   .

27  .   .   .

28

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

2

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

**THE PARTIES**

8.      Plaintiff, Brianne Schuth, is an adult individual (female) that, during all time periods relevant to this lawsuit, was a resident of Clark County, Nevada.

9.      Defendant Shelby American, Inc. ("Shelby") was Plaintiff's "employer" at all times relevant to the allegations in this Complaint.  Shelby had more than 15 employees during the time period relevant to this suit and is therefore an employer subject to Title VII.

**FACTUAL BACKGROUND**

10.     Plaintiff commenced employment with Defendant Shelby on March 24, 2016. Plaintiff was a hard worker and was eventually promoted to the position of "Mod Shop Coordinator."  Between 2016 and 2018, Plaintiff was not subject to any disciplinary actions.

11.     In January 2018 Plaintiff ended a romantic relationship with Supervisor Yordan Calzadilla-Diaz who was also employed by Shelby.  Mr. Calzadilla-Diaz did not easily accept Plaintiff's desire to end the relationship and began approaching her during working hours in her workspace insisting that she continue the relationship with him and remain his "girlfriend."  As this behavior intensified, Plaintiff reported Mr. Calzadilla-Diaz's conduct to Human Resources Manager Cynthia Robinson.   Specifically, Plaintiff told Ms. Robinson that she felt sexually harassed by Mr. Calzadilla-Diaz.

12.     After reporting her concerns to Ms. Robinson, nothing was done by Shelby to address her concerns or stop Mr. Calzadilla-Diaz's behavior.  In fact, Ms. Robinson and Mr. Calzadilla-Diaz were friends and would sometimes attend "happy hours" together.

13.     Despite Plaintiff's efforts to avoid all contact with Mr. Calzadilla-Diaz, he continued his aggressive behavior and told Plaintiff he was good friends with Shelby President Gary Patterson and that if she did not continue a relationship with him, her employment would

3

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

be jeopardized.  Plaintiff perceived this as a threat that if she did not continue the relationship with him, it could adversely affect her employment.  Plaintiff again reported Mr. Calzadilla-Diaz's behavior to human resources as she felt threatened by his sexually suggestive comments and his conduct threatening her employment.

14.    Despite an otherwise unblemished employment history, and only after reporting her concerns to human resources, Plaintiff was subject to two "write-ups" in May 2018.  These write-ups were mere pretexts to create a record which Shelby could rely upon to terminate Plaintiff's employment and justify its decision.

15.    On June 6, 2018 Plaintiff was discharged from employment for allegedly misusing company time.  Confused regarding the basis for her termination, Plaintiff sought out Ms. Robinson for more details who in turn notified her that it was a decision made by Mr. Patterson.

### FIRST CAUSE OF ACTION
**(Sex Discrimination / Sexual Harassment Based Upon Hostile Work Environment)**
**Plaintiff v. Shelby**

16.    Plaintiff re-alleges and incorporates by reference the allegations contained in all of the preceding and proceeding paragraphs.

17.    Both Title VII and NRS 613.330 prohibit workplace discrimination based upon sexual harassment (i.e. sex discrimination).  In order to prove a hostile workplace claim premised upon "sex/gender," a plaintiff must show (1) that she was subjected to verbal or physical conduct of a sexual nature, (2) that the conduct was unwelcome and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive working environment.

4

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

18.     In this case, Defendant Shelby, by and through its Supervisor Yordan Calzadilla-Diaz, subjected Plaintiff to a hostile and discriminatory work environment based upon her sex (female).  This discrimination culminated in her termination when she refused to continue a relationship with Mr. Calzadilla-Diaz.  Plaintiff was subject to constant sexual overtures and pleas from Mr. Calzadilla-Diaz to continue a relationship with him.  He was not seeking a mere friendship but rather a sexual relationship.  The hostile work environment created by Mr. Calzadilla-Diaz culminated to the point that Plaintiff sought relief from Defendant's human resources department.  Mr. Calzadilla-Diaz's behavior was unwelcome, uninvited and offensive (both subjectively and objectively).  Occurring on a frequent basis, the harassment was severe and pervasive, indeed even escalating to the point where Plaintiff sought out human resources for protection.

19.     The foregoing conduct constituted illegal sexual harassment discrimination prohibited by 42 U.S.C. § 2000 *et. seq*. and NRS 613.330.

### SECOND CAUSE OF ACTION
(Sex Discrimination / *Quid Pro Quo* Sexual Harassment)
**Plaintiff v. Shelby**

20.     Plaintiff re-alleges and incorporates by reference the allegations contained in all of the preceding and proceeding paragraphs.

21.     Both Title VII and NRS 613.330 prohibit workplace discrimination based upon sexual harassment (i.e. sex discrimination).  In order to prove a *quid pro quo* sexual harassment claim, a plaintiff must show (1) that the employer and/or supervisor either explicitly or implicitly conditioned a job, job benefit or the absence of a job detriment upon an employee's acceptance of sexual type conduct.  Under a *quid pro quo* theory of sexual harassment, an employer is strictly liable for a supervisor's conduct.

5

22.    Here, Mr. Calzadilla-Diaz was a supervisor employed by Defendant Shelby. He told Plaintiff he was good friends with Shelby President Gary Patterson and that if she did not continue a relationship with him, her employment would be in jeopardy. Plaintiff understood this as a threat conditioning further employment on whether she entered into a sexual relationship with Mr. Calzadilla-Diaz, a supervisor. She reported this to human resources but nothing was done. Shortly thereafter, Plaintiff was terminated.

23.    The foregoing conduct constituted illegal sexual harassment discrimination prohibited by 42 U.S.C. § 2000 *et. seq.* and NRS 613.330.

### THIRD CAUSE OF ACTION
**(Retaliation in Violation of Federal and State Statutes)**
**Plaintiff v. Shelby**

24.    Plaintiff re-alleges and incorporates by reference the allegations contained in all of the preceding and proceeding paragraphs.

25.    As an employee, Plaintiff was entitled to workplace protection under Nevada's anti-retaliation statute, N.R.S. § 613.340 *et seq.* and its federal counterpart, Title VII.

26.    To prove a claim of retaliation, a plaintiff must show that she was (1) engaged in a protected activity, (2) suffered an adverse employment action and (3) there is a causal link between the employee's protected activity and the adverse employment action.

27.    In this case, Plaintiff was clearly engaged in protected activity when she complained to human resources about the sexual harassment she was facing in the workplace. As a result of her complaints, she was terminated from employment. The act of being terminated from employment is unquestionably an adverse employment action. The temporal proximity between when Plaintiff first contacted human resources and her termination, a mere six months, establishes a causal link between her protected activity and her termination.

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

6

28.     The foregoing conduct constituted illegal retaliation prohibited by 42 U.S.C. § 2000 *et. seq.* and NRS 613.340.

### FOURTH CAUSE OF ACTION
**(Intentional Infliction of Emotional Distress)**
**Plaintiff v. Shelby**

29.     Plaintiff re-alleges and incorporates by reference the allegations contained in all of the preceding and proceeding paragraphs.

30.     Nevada common law recognizes the tort of "intentional infliction of emotional distress." To prevail on such a claim, a plaintiff must show: (1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) plaintiff suffered severe or extreme emotional distress, and (3) actual or proximate causation between the extreme conduct and the emotional distress suffered by Plaintiff.

31.     In this case, the actions of Mr. Calzadilla-Diaz (an agent and supervisory employee of Defendant Shelby) were extreme and outrageous in that he created a hostile work environment for Plaintiff, threatened her employment based upon his relationship with the President of the company and ultimately was successful in having her fired after she refused to engage in a sexual relationship with him. On account of Mr. Calzadilla-Diaz's actions and those of Defendant Shelby which ratified his threatening behavior by terminating her employment, Plaintiff has suffered extreme emotional distress causing her, among other things, nausea, heart palpitations, vertigo and other adverse physical symptoms; all of which was entirely foreseeable and directly caused by Defendant's actions.

. . .

. . .

. . .

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

7

## DEMAND FOR JURY TRIAL

32.     Pursuant to the Seventh Amendment of the United States Constitution, the Nevada State Constitution and Nevada Rule of Civil Procedure 38, Plaintiff invokes her right to trial by jury in this civil action.

## RELIEF REQUESTED

33.     In light of the foregoing, Plaintiff requests that the Court enter the following relief in this matter:

a.     Set this matter for trial by jury on a date certain;

b.     Award Plaintiff all compensatory damages permitted under federal law but not less than $15,000.00;

c.     Award Plaintiff all compensatory damages permitted under Nevada but not less than $15,000.00;

d.     Award Plaintiff exemplary and punitive damages against Defendant to the extent permitted by law, in order to deter future conduct;

e.     Prejudgment and post-judgment interest;

f.     Award Plaintiff costs and reasonable attorney's fees; and

g.     For such other and further relief as the Court shall deem just and proper.

PAUL PADDA LAW, PLLC

Paul S. Padda, Esq.
4560 South Decatur Blvd., #300
Las Vegas, Nevada 89103
Tele: (702) 366-1888

Counsel for Plaintiff

Dated:  March 28, 2020

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

8

# EXHIBIT A

# EXHIBIT A

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act
Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| [X] FEPA | |
| [X] EEOC | 34B-2018-01143 |

**Nevada Equal Rights Commission** — State or local Agency, if any — and EEOC

| Name (indicate Mr., Ms., Mrs.) | Home Phone (incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Brienne Schuth | | 1982 |

| Street Address | City, State and ZIP Code |
|---|---|
| Las Vegas, NV | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| SHELBY AMERICAN | 15 - 100 | (702) 942-7325 |

| Street Address | City, State and ZIP Code |
|---|---|
| 6405 Ensworth Street, Las Vegas, NV 89119 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

[ ] RACE   [ ] COLOR   [X] SEX   [ ] RELIGION   [ ] NATIONAL ORIGIN

[X] RETALIATION   [ ] AGE   [ ] DISABILITY   [ ] GENETIC INFORMATION

[ ] OTHER (Specify)

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| 01/01/2018 | 06/06/2018 |

[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

The Respondent discriminated against me due to my sex, female. I was subjected to sexual harassment. I was retaliated against and issued unwarranted disciplines and discharged on June 6, 2018. I filed my complaint with the Nevada Equal Rights Commission on June 16, 2018.

I worked for the Respondent from March 24, 2016 through June 6, 2018; at the end of my tenure, I was employed as a Mod Shop Coordinator.

In January 2018, I ended a romantic relationship with Supervisor Yordan Calzadilla-Diaz. However, Mr. Calzadilla-Diaz did not accept that our relationship was over and constantly came up to my work area and insisted that I be his girlfriend again. I repeatedly told him no. I reported Mr. Calzadilla-Diaz's behavior to Human Resources (HR) Manager Cynthia Robinson and told her I felt sexually harassed in the workplace but nothing was done to address my concerns. I believe Ms. Robinson did not address the matter because she and

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| [signature] 9/28/18 | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| Date    Charging Party Signature | Nevada Equal Rights Commission SEP 2 8 2018 |

EEOC Form 5 (11/09)

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| [X] FEPA | |
| [X] EEOC | 34B-2018-01143 |

**Nevada Equal Rights Commission** *State or local Agency, if any* and EEOC

Mr. Calzadilla-Diaz are close friends.

Mr. Calzadilla-Diaz continued to harass me about dating him again but I refused and blocked all non-work communication with him. He threatened my job as he mentioned that he was good friends with President Gary Patterson. I again went to HR to report the sexual harassment. On or about April 30, 2018, Mr. Calzadilla-Diaz sent me a text message from the company phone and stated the he did not think the relationship was over and that I needed to unblock his personal number from my phone.

On or about May 2, 2018, Mr. Calzadilla-Diaz approached me and insisted that we talk as he wanted to date me again. Due to his aggressive behavior and because he had threatened my job, I felt like I had to oblige with his request and agreed to have a conversation with him. We were then issued write-ups by the Respondent for using work time to discuss personal matters; however, Mr. Calzadilla-Diaz refused to sign his write-up and talked to Mr. Patterson to have him void his discipline. Yet, my discipline was not voided.

On or about May 24, 2018, I was called into HR. I was then issued a write-up for posting inspirational quotes and memes on social media even though all postings were made on my personal time. I was told by the Respondent that my posts were considered harassment towards Mr. Calzadilla-Diaz. However, I never mentioned his name or the Respondent's name on my social media posts.

On or about June 6, 2018, I was discharged for allegedly misusing company time. When I inquired for further information as I believed my discharge was unwarranted, Ms. Robinson simply told me it was a decision made by Mr. Patterson.

It is my contention that Respondent subjected me to retaliation in the form of unwarranted disciplines and discharge for filing an internal complaint of sexual harassment.

I believe the Respondent's actions violated Title VII of the Civil Rights Act of 1964, as amended, and Nevada State Law.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

x 9/28/18 x _____ Date  Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

SEP 2 8 2018

Nevada Equal Rights Commission

# EXHIBIT B

# EXHIBIT B



NEVADA EQUAL RIGHTS
COMMISSION

STEVE SISOLAK
Governor

DR. TIFFANY G. TYLER-GARNER
Director

KARA M. JENKINS
Administrator

December 30, 2019

Paul Padda, Esq.
Paul Padda Law
4560 S. Decatur Blvd., Suite 300
Las Vegas, NV 89103                    Via E-mail and U.S. Mail

RE:   Brianné Schuth   vs   Shelby American
      NERC No. 1003-18-0530L      EEOC No. 34B-2018-01143C

Dear Mr. Padda:

The Nevada Equal Rights Commission (NERC) is closing the case your client has filed as
she has requested a Right-to-Sue letter from NERC and the Equal Employment
Opportunity Commission (EEOC).

Right-to-Sue Notice:  This letter constitutes your client's state Right-to-Sue Notice.

Please be advised that the NERC's closure does not preclude your client from filing a
lawsuit in state court pursuant to Nevada Revised Statutes (NRS) 613.420.

Section 613.420 of the Nevada Revised Statutes provides in part:  "If the Nevada Equal
Rights Commission does not conclude that an unfair employment practice . . . has
occurred, the Commission shall issue a right-to-sue notice. . . the person alleging such a
practice has occurred may bring a civil action in district court not later than 90 days after
the date of receipt of the right-to-sue notice…"

NRS 613.430 provides the following timeframes to file in state court, "No action
authorized by NRS 613.420 may be brought more than 180 days after the date of the act
complained of or more than 90 days after the date of the receipt of the right-to-sue
notice…whichever is later.  When a complaint is filed with the Nevada Equal Rights
Commission, the limitation provided by this section is tolled as to any action authorized
by NRS 613.420 during the pendency of the complaint before the Commission."

If you have any questions, please do not hesitate to contact the Commission at the listed telephone number (702-486-7161).

Sincerely,

Roman Cervantes
Compliance Investigator II

cc: Brianne Schuth

Electronically Filed
7/28/2020 10:28 AM
Steven D. Grierson
CLERK OF THE COURT

**AFFIDAVIT OF SERVICE**

DISTRICT COURT CLARK COUNTY
CLARK COUNTY, STATE OF NEVADA

BRIANNE SCHUTH,

        Plaintiff(s)

        v.

SHELBY AMERICAN, INC.; a domestic corporation; et al.,

        Defendant(s)

Case No.:A-20-812965-C
Paul S. Padda, Esq., Bar No. 10417
PAUL PADDA LAW PLLC
4560 South Decatur Blvd Suite 300
Las Vegas, NV 89103
(702) 366-1888
*Attorneys for the Plaintiff*

Client File# 1.     Brianne Schuth

I, Judith Mae All, being sworn, states: That I am a licensed process server registered in Nevada. I received a copy of the Summons; Complaint, from PAUL PADDA LAW PLLC

That on 7/23/2020 at 3:44 PM at 6405 Ensworth Street, Las Vegas, NV 89119 I served Shelby American, Inc., by personally delivering and leaving a copy of the above-listed document(s) with Michele Mooney - Store Manager, a person of suitable age and discretion authorized to accept service of process.

That the description of the person actually served is as follows:
Gender: Female, Race: Caucasian, Age: 50's, Height: 5'10", Weight: 220 lbs., Hair: Brown/Gray, Eyes:Brown/Glasses

I being duly sworn, states: that all times herein, Affiant was and is over 18 years of age, not a party to or interested in the proceedings in which this Affidavit is made. I declare under penalty of perjury that the foregoing is true and correct.

Date: 7/27/2020

Judith Mae All
Registered Work Card# R-040570
State of Nevada

(No Notary Per NRS 53.045)

Service Provided for:
Nationwide Legal Nevada, LLC
626 S. 7th Street
Las Vegas, NV 89101
(702) 385-5444
Nevada Lic # 1656



Control #:NV229117
Reference: 1.     Brianne Schuth